ORIGINAL

1  DAVID R. EBERHART (S.B. #195474)
   deberhart@omm.com
2  DAVID J. SEPANIK (S.B. #221527)
   dsepanik@omm.com
3  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
4  San Francisco, CA 94111
   Telephone: (415) 984-8700
5  Facsimile: (415) 984-8701

6

7  Attorneys for Plaintiff
   APPLE INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

DMR

APPLE INC., a California corporation,

      Plaintiff,

      v.

AMAZON.COM, INC., a Delaware
corporation,

      Defendant.

Case No.  CV11  1327

**COMPLAINT FOR**

**(1) Trademark Infringement; False
Designation of Origin and False
Description (Lanham Act § 43(a),
15 U.S.C. § 1125(a))**

**(2) Dilution (Lanham Act § 43(c),
15 U.S.C. § 1125(c))**

**(3) Trademark Infringement (Common
Law)**

**(4) Dilution (Cal. Bus. & Prof. Code
§ 14330 and Common Law)**

**(5) Unfair Competition (Cal. Bus. &
Prof. Code § 17200)**

**DEMAND FOR JURY TRIAL**

E-filing

FILED
2011 MAR 18 P 4:57

COMPLAINT

1         Plaintiff Apple Inc. ("Apple") brings this action to enjoin Amazon.com,

2   Inc.'s ("Amazon") unauthorized use of Apple's APP STORE ™ trademark.  Apple seeks

3   preliminary and permanent injunctive relief and damages under the laws of the United

4   States and the State of California and alleges on knowledge as to itself and its own acts,

5   and on information and belief as to all other matters, as follows:

6                     **NATURE OF ACTION**

7        1.     Apple is a market leading computer hardware, software, and mobile

8   computing technology and services company.  Its APP STORE mobile software download

9   service has transformed the way that mobile device users customize and expand the

10  functionality of their devices.  Apple, long renowned for its innovation and product

11  design, introduced the APP STORE service and coined the APP STORE mark just over

12  two and ½ years ago.  In that short period of time, the service has experienced

13  phenomenal growth and success, and the service is now used by over 160 million

14  consumers worldwide who have downloaded more than 10 billion software programs.

15       2.     Recently, Amazon has begun improperly using Apple's APP STORE

16  mark in connection with Amazon's mobile software developer program.  Amazon has also

17  taken actions which, on information and belief, evidence Amazon's intent to improperly

18  use Apple's mark in connection with Amazon's mobile software download service.

19  Amazon's present and intended uses are unauthorized and unlawful.

20                     **PARTIES**

21       3.     Plaintiff Apple is a corporation organized and existing under the laws

22  of the State of California and has its principal place of business in Cupertino, California.

23       4.     On information and belief, defendant Amazon is a corporation

24  organized and existing under the laws of the State of Delaware, with its principal place of

25  business in Seattle, Washington.

26             **JURISDICTIONAL STATEMENT**

27                   **Jurisdiction**

28       5.     The Court has jurisdiction over this action pursuant to 28 U.S.C. §

1331 and 1338, 15 U.S.C. §§ 1116 and 1125, and 28 U.S.C. § 1367.

**Venue**

6.     Venue lies within this district because a substantial part of the events giving rise to these claims occurred in this district and Amazon resides in this judicial district for purposes of 28 U.S.C. § 1391(b) and (c).

**Intradistrict Assignment**

7.     This action arises in Santa Clara County because a substantial part of the events giving rise to the claim occurred in Santa Clara County.  This is an intellectual property action subject to district-wide assignment pursuant to Civil Local Rule 3-2(c).

## FACTUAL ALLEGATIONS

**Apple Coins, Uses In Commerce, And Protects APP STORE**

8.     On July 11, 2008, Apple launched its APP STORE service.  This service allows users of Apple's iPhone, iPod and, most recently, iPad mobile devices, and users of computers running Apple's iTunes software, to browse for and license a wide range of third party software programs, including games, business, educational, finance, news, sports, productivity, social networking, health, reference, travel, and utility software.

9.     Prior to the introduction of the APP STORE service, operators of mobile communications networks offered a variety of downloadable mobile software such as ringtones, wallpapers, and games.  The operators branded their download services with a variety of terms that bore no similarity to APP STORE.  For example, Verizon called its mobile software download service the "Get It Now virtual store" and later changed the name of that service to the "Verizon Media Store."

10.     When it launched, the APP STORE service represented a revolutionary kind of online software service and was an instant commercial and critical success.  As a columnist for *The New York Times* remarked soon after the launch of the service, "[n]othing like the App Store has ever been attempted before."  Apple coined the term APP STORE as a means of branding its new service.  The term APP STORE was not

COMPLAINT

1   in general use in connection with the distribution of software programs prior to Apple's

2   adoption of the term as a trademark.

3        11.   The APP STORE service serves as the distribution center for a

4   variety of software programs developed by third parties or by Apple.  For example, if a

5   user of an Apple mobile device wishes to play the popular "Angry Birds" video game, she

6   would touch the "App Store" icon on her mobile device, search for the "Angry Birds"

7   program and obtain a copy of that program on her device by licensing the software

8   through the APP STORE service.

9        12.   In order to distribute software programs through the APP STORE

10   service, third party software developers are required to sign a distribution agreement in

11   which the developer appoints Apple as its worldwide agent for delivery of the software

12   programs. All of the software programs that are available through the APP STORE

13   service are licensed to consumers, not sold.

14        13.   To date, there have been more than 10 billion downloads of programs

15   through the service by more than 160 million consumers worldwide.  An average of over a

16   million downloads take place every hour worldwide. There are currently more than

17   350,000 software programs available for download on the APP STORE service.

18        14.   Apple has extensively advertised, marketed and promoted the APP

19   STORE service and the APP STORE mark, spending millions of dollars on print,

20   television, and internet advertising.  News outlets have also commented extensively and

21   repeatedly on the operations of the APP STORE service in the months and years

22   following its launch.  The enormous public attention given the APP STORE service, and

23   the success of the service, have cemented the public's identification of APP STORE as a

24   trademark for Apple's service.  Moreover, Apple has obtained registrations of the APP

25   STORE mark covering more than fifty foreign jurisdictions, including the European

26   Union, Japan, and China.

27        15.   Apple has applied to register the APP STORE mark in the United

28   States. The U.S. Patent and Trademark Office approved Apple's application to register

COMPLAINT

4

APP STORE as a trademark. Microsoft has opposed that application's registration. The matter is currently subject to opposition proceedings before the Trademark Trial And Appeal Board.

16. From Apple's launch of the APP STORE service in 2008, Apple has prominently featured the APP STORE mark in print advertising in the United States, California, and elsewhere. The mark has been featured in such print advertising sponsored both by Apple as well as AT&T (which offers wireless connectivity for certain Apple mobile devices). These ads have appeared in such magazines and newspapers as *Fortune*, *The New Yorker*, *The Economist*, *Newsweek*, *Time*, *The New York Times*, the *Washington Post*, as well as numerous other regional and local newspapers.

17. As part of its marketing for the APP STORE service, Apple has implemented a unique television advertising campaign. Most recently, Apple has aired nationwide television commercials that state "If you don't have an iPhone - you don't have the App Store." These commercials highlight the different computer software programs available through the APP STORE service and the variety of functions each computer software program serves. These commercials verbally refer to the APP STORE mark and also depict the APP STORE mark as featured on Apple's devices. Apple has aired these and other commercials regarding its APP STORE services on all the major television broadcast stations in the United States, including ABC, CBS, NBC, FOX, The CW, BET, Comedy Central, CNN, ESPN, MTV, TBS, TNT, and VH1. As a result, millions of consumers in the United States and California have been exposed to Apple's television campaigns.

18. Not surprisingly given the success of Apple's APP STORE service, the service and Apple's APP STORE mark have been the subject of an overwhelming amount of high-profile positive unsolicited media coverage in the United States and California. These articles recognize the APP STORE mark as referring exclusively to Apple's service.

19. The phenomenal popularity of Apple's mobile software download

COMPLAINT

1    service has prompted a number of competitors to offer their own services. In fact,

2    Microsoft, Google, Nokia, Research in Motion (Blackberry), Sprint, Verizon and other

3    major companies now offer software download services for mobile operating systems that

4    compete with Apple's mobile operating system. These competitors have found ways of

5    branding and describing their own mobile software download services without using the

6    term APP STORE. For example, Microsoft uses the term MARKETPLACE to refer to its

7    service and uses the descriptor "virtual store for apps."

8         20.     In limited instances, third parties have made improper use of the term

9    APP STORE. In response, Apple has contacted those parties and requested that they

10   cease and desist from further use of the mark. In almost every instance, the entities

11   contacted by Apple agreed to cease use of Apple's APP STORE mark.

12   **Amazon Unlawfully Uses APP STORE And Threatens Expanded Unlawful Use**

13        21.     In approximately January of 2011, Amazon began soliciting software

14   developers to participate in a future mobile software download service offered by

15   Amazon. On information and belief, Amazon began unlawfully using the APP STORE

16   mark in or about that same month.

17        22.     Amazon has unlawfully used the APP STORE mark to solicit

18   software developers throughout the United States, including in the Northern District of

19   California. Amazon's unlawful use includes, but on information and belief is not limited

20   to, such use at web pages accessed through the developer.amazon.com URL.

21        23.     At no time has Amazon received a license or authorization from

22   Apple to use the APP STORE mark.

23        24.     On or about January 19, February 9, and March 14, 2011, Apple

24   communicated with Amazon and demanded that Amazon cease its use of the APP STORE

25   mark. Amazon has not provided a substantive response to any of Apple's

26   communications.

27

28

COMPLAINT

25.     Amazon is currently unlawfully using the APP STORE mark in connection with what Amazon terms the "Amazon Appstore Developer Portal" and the "Amazon Appstore Developer Program."  The following is a screenshot of Amazon's website showing that use on March 17, 2011:



26.     Recently, Amazon expanded its infringing use of the APP STORE mark—using the mark in connection with advertisements for a forthcoming software product called "Angry Birds Rio" to be offered through "the Amazon Appstore."  A screenshot showing that use on Amazon's website on March 17, 2011 is set forth below:

 **Angry Birds Rio Is Coming Soon**
The Android app, Angry Birds Rio, is launching exclusively on the Amazon Appstore. Learn more

COMPLAINT

7

27.     A similar infringing use by Amazon—referencing "amazon appstore"—is shown in the following screenshot taken from Amazon's website on March 17, 2011:

28.     As referenced in Paragraph 25 above, Amazon's website indicates that "Angry Birds Rio Is Coming Soon," which indicates that Amazon intends to expand its unlawful use of the APP STORE mark by using that mark "soon" in connection with the launch of Amazon's mobile software download service.  Apple is informed and believes that Amazon intends to use the APP STORE mark in the Northern District of California in connection with Amazon's mobile software download service.

29.     Amazon's ongoing unlawful use of the APP STORE mark has irreparably harmed Apple, and Amazon's threatened expansion of that unlawful use will increase the irreparable harm to Apple.

COMPLAINT

## FIRST CAUSE OF ACTION

**(Trademark Infringement; False Designation Of Origin/Description – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

30.     Apple repeats and realleges each and every allegation of paragraphs 1 through 29 above, and incorporates them by reference as if fully set forth herein.

31.     Apple has used its APP STORE trademark since 2008 to identify its services in California, in the United States, and worldwide.  The general consuming public of the United States widely recognizes the APP STORE mark as designating Apple as the source of services and/or goods.

32.     Amazon's use of Apple's APP STORE mark constitutes a false designation of origin and/or a false or misleading description or representation of fact that is likely to cause confusion, to cause mistake, or to deceive as to (a) the affiliation, connection, or association of Amazon with Apple and/or (b) the origin, sponsorship, or approval of Amazon's goods, services, or commercial activities by Apple.  For example, consumers of mobile software downloads are likely to be confused as to whether Amazon's mobile software download service is sponsored or approved by Apple or is merely a conduit for Apple's APP STORE service.

33.     Amazon's wrongful activities have caused Apple irreparable injury.  Apple is informed and believes that unless said conduct is enjoined by this Court, Amazon will continue and expand those activities to the continued and irreparable injury of Apple.  This injury includes a reduction in the distinctiveness of Apple's APP STORE mark and injury to Apple's reputation that cannot be remedied through damages, and Apple has no adequate remedy at law.  Apple is entitled to preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116 restraining and enjoining Amazon and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the APP STORE mark or any colorable imitation thereof.

34.     Pursuant to 15 U.S.C. § 1117, Apple is also entitled to recover (i)

COMPLAINT

1   Amazon's profits, (ii) Apple's ascertainable damages, and (iii) Apple's costs of suit.

2   Amazon's willful use of Apple's APP STORE mark without excuse or justification

3   renders this an exceptional case and entitles Apple to its reasonable attorney fees.

4

5                          **SECOND CAUSE OF ACTION**

6              **(Dilution – Lanham Act § 43(c), 15 U.S.C. § 1125(c))**

7          35.    Apple repeats and realleges each and every allegation of paragraphs 1

8   through 34 above, and incorporates them by reference as if fully set forth herein.

9          36.    The APP STORE mark is famous and distinctive, and that mark

10  became famous prior to Amazon's commencement of use of the mark.

11         37.    Amazon's existing and intended use of the APP STORE mark for its

12  developer program and/or its mobile software download service online marketplace are

13  likely to cause dilution by blurring or dilution by tarnishment of the APP STORE mark.

14  For example, Amazon's use of the APP STORE mark is likely to reduce the

15  distinctiveness of that mark by reducing the general consuming public's association of the

16  mark with Apple's services.

17         38.    Amazon's wrongful activities have caused Apple irreparable injury.

18  Apple is informed and believes that unless said conduct is enjoined by this Court, Amazon

19  will continue and expand those activities to the continued and irreparable injury of Apple.

20  This injury includes a reduction in the distinctiveness of Apple's APP STORE mark that

21  cannot be remedied through damages, and Apple has no adequate remedy at law.  Apple is

22  entitled to preliminary and permanent injunctions pursuant to 15 U.S.C. § 1116 restraining

23  and enjoining Amazon and its agents, servants, employees, and all persons acting

24  thereunder, in concert with, or on their behalf, from using in commerce the APP STORE

25  trademark or any colorable imitation thereof.

26         39.    Amazon first used the APP STORE mark after October 6, 2006 and

27  Amazon willfully intended to trade on the recognition of the APP STORE mark and/or

28  intended to harm the reputation of the APP STORE mark. Pursuant to 15 U.S.C. §§ 1117

and 1125(c)(5) Apple is also entitled to recover (i) Amazon's profits, (ii) Apple's ascertainable damages, and (iii) Apple's costs of suit. Amazon's willful use of Apple's APP STORE mark without excuse or justification renders this an exceptional case and entitles Apple to its reasonable attorney fees.

### THIRD CAUSE OF ACTION

#### (Trademark Infringement – Common Law)

40.     Apple repeats and realleges each and every allegation of paragraphs 1 through 39 above, and incorporates them by reference as if fully set forth herein.

41.     The general consuming public of California widely recognizes the APP STORE mark as designating Apple as the source of services and/or goods. Apple has common law trademark rights in the APP STORE mark under California law.

42.     Amazon's wrongful activities in the State of California have caused Apple irreparable injury. Apple is informed and believes that unless said conduct is enjoined by this Court, Amazon will continue and expand those activities to the continued and irreparable injury of Apple. This injury includes a reduction in the distinctiveness of Apple's APP STORE mark and injury to Apple's reputation that cannot be remedied through damages, and Apple has no adequate remedy at law. Apple is entitled to preliminary and permanent injunctions restraining and enjoining Amazon and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the APP STORE mark or any colorable imitation thereof.

43.     Apple is also entitled to recover (i) Amazon's profits, (ii) Apple's ascertainable damages, and (iii) Apple's costs of suit. Amazon's willful use of Apple's APP STORE mark without excuse or justification entitles Apple to its reasonable attorney fees.

COMPLAINT

11

1

2

## FOURTH CAUSE OF ACTION

### (Dilution – Cal. Bus. & Prof. Code § 14330 and Common Law)

3

4

44.     Apple repeats and realleges each and every allegation of paragraphs 1 through 43 above, and incorporates them by reference as if fully set forth herein.

5

6

7

8

9

45.     Amazon's actual and intended use of the APP STORE mark in California (i) has diluted, and on information and belief will continue to dilute, the distinctive quality of the APP STORE mark and/or (ii) has tarnished, and on information and belief will continue to tarnish, the image of Apple's APP STORE mark, in violation of Section 14330 of the California Business and Professions Code.

10

11

12

13

14

15

16

17

18

46.     Amazon's wrongful activities in the State of California have caused Apple irreparable injury.  Apple is informed and believes that unless said conduct is enjoined by this Court, Amazon will continue and expand those activities to the continued and irreparable injury of Apple.  This injury includes a reduction in the distinctiveness of Apple's APP STORE mark and injury to Apple's reputation that cannot be remedied through damages, and Apple has no adequate remedy at law.  Apple is entitled to preliminary and permanent injunctions restraining and enjoining Amazon and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the APP STORE trademark or any colorable imitation thereof.

19

20

## FIFTH CAUSE OF ACTION

21

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200 and Common Law)

22

23

47.     Apple repeats and realleges each and every allegation of paragraphs 1 through 46 above, and incorporates them by reference as if fully set forth herein.

24

25

26

48.     Amazon's acts, as alleged above, constitute unlawful and/or unfair business practices in violation of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.

27

49.     Amazon acts are unlawful and/or unfair under the UCL because

28

COMPLAINT

1   Amazon's actual and intended use of the APP STORE mark in California is likely to
2   confuse consumers as to the source, origin, or affiliation of Amazon's services, to dilute
3   the distinctiveness of Apple's APP STORE mark, and/or to tarnish the image of Apple's
4   APP STORE mark.

5       50.     Amazon's acts of unfair competition in the State of California have
6   caused Apple irreparable injury. Apple is informed and believes that unless said conduct
7   is enjoined by this Court, Amazon will continue and expand those activities to the
8   continued and irreparable injury of Apple. This injury includes a reduction in the
9   distinctiveness of Apple's APP STORE mark and injury to Apple's reputation that cannot
10  be remedied through damages, and Apple has no adequate remedy at law. Apple is
11  entitled to preliminary and permanent injunctions restraining and enjoining Amazon and
12  its agents, servants, employees, and all persons acting thereunder, in concert with, or on
13  their behalf, from using in commerce the APP STORE trademark or any colorable
14  imitation thereof.

15      51.     As a direct and proximate result of Amazon's statutory unfair
16  competition, Amazon has been unjustly enriched in an amount to be determined at trial.

18                          **PRAYER FOR RELIEF**

19  WHEREFORE, Apple hereby requests that this Court:

20      A.      Enter preliminary and permanent injunctions restraining and
21              enjoining Amazon and its agents, servants, employees, and all persons
22              acting thereunder, in concert with, or on their behalf, from using in
23              commerce the APP STORE mark or any colorable imitation or confusingly
24              similar variation thereof;

25      B.      Enter preliminary and permanent injunctions requiring Amazon and
26              its agents, servants, and employees, and all persons acting thereunder in
27              concert with, or on their behalf, to immediately cease from causing any and
28              all dilution and/or tarnishment of Apple's APP STORE mark;

COMPLAINT

13

C.     Award Apple its ascertainable damages, costs, and attorneys' fees;

D.     Award Apple Amazon's profits attributable to Amazon's unauthorized use of Apple's APP STORE mark.

E.     Impose a constructive trust in favor of Apple on all profits obtained from Amazon's misappropriation of Apple's APP STORE trademark.

F.     Award Apple all amounts by which Amazon has been unjustly enriched through its use of Apple's APP STORE mark.

G.     Award such other and further relief as this Court deems just and proper.


Dated: March 18, 2011

                           O'MELVENY & MYERS LLP


                           By _____
                                David R. Eberhart
                           Attorneys for Plaintiff APPLE INC.

COMPLAINT

1

JURY DEMAND

2      Apple respectfully requests a jury trial on all issues triable thereby.

3

4
       Dated: March 18, 2011
5
                                      O'MELVENY & MYERS LLP
6

7                                     By _____
8                                          David R. Eberhart
                                           Attorneys for Plaintiff APPLE INC.
9

10
SF1:816762.3
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT