DAVID R. EBERHART (S.B. #195474)
deberhart@omm.com
RYAN J. PADDEN (S.B. #204515)
rpadden@omm.com
DAVID J. SEPANIK (S.B. #221527)
dsepanik@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111
Telephone: (415) 984-8700
Facsimile: (415) 984-8701

Attorneys for Plaintiff
APPLE INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

APPLE INC., a California corporation,

Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation, and AMAZON DIGITAL SERVICES, INC., a Delaware corporation,

Defendants.

Case No. CV 11-01327 PJH

**DECLARATION OF DAVID R. EBERHART IN SUPPORT OF PLAINTIFF APPLE INC.'S MOTION TO SHORTEN TIME TO HEAR ITS MOTION FOR PRELIMINARY INJUNCTION**

I, David R. Eberhart, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a partner with the law firm of O'Melveny & Myers LLP, counsel of record for Plaintiff Apple Inc. ("Apple"). I submit this declaration in support of Apple's motion to shorten time to hear Apple's motion for a preliminary injunction (the "P.I. Motion") against Amazon.com, Inc. and Amazon Digital Services, Inc. (collectively "Amazon"). The information set forth herein is based on personal knowledge or on facts of which I am informed and believe to be true.

2. It is my understanding that the first available civil law and motion hearing date before the Court is June 22, 2011. However, Apple is suffering significant irreparable harm from Amazon's ongoing, unauthorized use of Apple's APP STORE trademark and therefore seeks an earlier hearing date.

3. On April 13, 2011, I spoke to outside counsel for Amazon and asked whether Amazon would join Apple's request to hear the P.I. Motion before June 22. As of the time of the filing of Apple's request, counsel had not responded to my request. Counsel has previously indicated to me that Amazon will oppose any injunctive relief sought by Apple.

4. As set forth in the P.I. Motion and supporting declarations, Apple invested three years of effort and hundreds of millions of dollars to establish a public association between Apple and its APP STORE mobile software download service. Very recently, Amazon launched a competing service using the mark APPSTORE. Amazon's unlawful appropriation of Apple's trademark infringes and dilutes Apple's mark, and the P.I. Motion seeks an order preliminarily enjoining Amazon's use.

5. As further set forth in the P.I. Motion, absent an injunction, Amazon's use threatens to confuse consumers by, for example, causing them to conclude falsely that Amazon's service is associated with Apple. This is particularly likely because Amazon is widely known as a reseller of other companies' products. Moreover, Apple is suffering ongoing irreparable harm through Amazon's dilution of the APP STORE mark, both by blurring—lessening the public association between the APP STORE mark and Apple's service—and tarnishment—Amazon offers software that increases security risks to customers and thereby harms the reputation of

Apple's APP STORE mark and service. All of this harm is irreparable and ongoing.

6. There have been no prior modifications to any hearing schedule in this case, although on April 8, 2011, the parties filed a stipulation that the time for Amazon to answer or otherwise respond to the complaint be extended fourteen days, up to and including April 25, 2011.

7. To my knowledge, granting the motion shortening time will have no effect on the schedule of the case beyond the timing of the preliminary injunction briefing and hearing itself.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Date: April 13, 2011

/s/ David R. Eberhart
David R. Eberhart