MARTIN R. GLICK (No. 40187)
email: mglick@howardrice.com
CLARA J. SHIN (No. 214809)
email: cshin@howardrice.com
SARAH J. GIVAN (No. 238301)
email: sgivan@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
       FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California  94111-4024
Telephone:     415/434-1600
Facsimile:     415/677-6262

Attorneys for Defendants
AMAZON.COM, INC., a Delaware corporation,
and AMAZON DIGITAL SERVICES, INC., a
Delaware corporation

**Howard**Rice

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California corporation, | No. 11-cv-01327 PJH |
| Plaintiff, | Action Filed: March 18, 2011 |
| v. | DEFENDANTS' OPPOSITION TO MOTION TO SHORTEN TIME TO HEAR MOTION FOR PRELIMINARY INJUNCTION |
| AMAZON.COM, INC., a Delaware corporation, and AMAZON DIGITAL SERVICES, INC., a Delaware corporation, | |
| Defendants. | |

Plaintiff Apple Inc. ("Apple) asks this Court to shorten the time on hearing its Motion for Preliminary Injunction ("Motion to Shorten Time"), claiming that it is suffering "irreparable harm" from Defendants Amazon.com, Inc. and Amazon Digital Services, Inc.'s (collectively, "Amazon") use of the generic term "app store." Apple does not specify the requested date for the hearing, but no exigent circumstances exist to justify an expedited schedule.

Amazon opposes Apple's Motion to Shorten Time for two reasons. *First*, if Apple believed that it was suffering such irreparable harm that it could not wait until this Court's next potentially available hearing date on June 22, then Apple could have filed its Motion for Preliminary Injunction ("PI Motion") months ago. Apple has known of Amazon's plans to open an app store for the Android smartphone platform since October 2010. Glick Declaration ¶¶3-4 & Ex. 1 (October 8 article), Ex. 2 at p. 5 (Apple's CEO Steve Jobs' noting on October 19 that "Amazon, Verizon and Vodaphone have all announced that they are creating their own app stores for Android"). Apple's own Complaint alleges that "Amazon began unlawfully using the APP STORE mark in or about [January of 2011]." Complaint, ¶21 (Docket No. 1). Apple also alleges that on January 19, February 9, and March 14, 2011, it demanded that Amazon cease use of "app store," but that Amazon did not respond to these demands. *Id*. ¶24.

Apple filed its Complaint on March 18, but it chose not to move for an injunction at that time, despite knowing that the Amazon Appstore for Android would be launching "soon." *Id*. ¶28. The Amazon Appstore for Android launched on March 22, and Amazon informed Apple on March 25 that it would not cease use of the generic term "app store" to identify its app store. *See* Amended Complaint, ¶¶27-28 (Docket 16). Still, Apple chose to wait until April 13 to file its PI Motion. In short, the delay is Apple's responsibility.

*Second*, shortened time would unfairly prejudice Amazon's ability to oppose Apple's PI Motion. Apple had several months to generate the voluminous declarations that accompany its PI Motion. Indeed, Apple's PI Motion borrows heavily from fact discovery, expert discovery, and motion practice already conducted in connection with *Microsoft Corporation v. Apple Inc*., Opposition No. 91195582, a proceeding before the Trademark Trial and Appeal Board in which Microsoft opposes registration by Apple of the term "app store" on the ground that it is generic.

1    That proceeding began on July 6, 2010, and Microsoft's summary judgment motion is currently

2    pending.  Glick Declaration ¶5 & Ex. 3.  Fairness requires that Amazon be given more than a few

3    weeks to rebut arguments and evidence that Apple has had many months to amass.

4          Finally, this Court's Calendar indicates that the Court is occupied or otherwise unavailable for

5    hearing dates prior to June 22, 2011.  *See* Glick Declaration ¶2.  Apple's attempt to preliminarily

6    enjoin Amazon from using the generic term "app store" raises important public policy issues, and

7    this matter deserves the Court's full and careful consideration.  *See Advertise.com, Inc. v. AOL*

8    *Advertising, Inc*., 616 F.3d 974, 978 (9th Cir. 2010) ("To allow trademark protection for generic

9    terms, . . . even when [they] have become identified with a first user, would grant the owner of the

10   mark a monopoly, since a competitor could not describe his goods as what they are") (quoting

11   *Surgicenters of Am., Inc. v. Med. Dental Surgeries Co*., 601 F.2d 1011, 1017 (9th Cir. 1979)).

12   Amazon will demonstrate decisively when the time comes that the Amazon Appstore for Android

13   infringes no rights belonging to Apple.  Not only is "app store" generic, but also there is no

14   possibility of confusion because—as Apple must admit—Apple's App Store can *only* be used by

15   customers who own Apple products such as the iPhone, iPad, or iPod, while the Amazon Appstore

16   for Android can *only* be used by customers who own Android smartphones.  Northcott Declaration,

17   ¶¶2-4.  Moreover Apple, having now lodged its challenge to the Amazon Appstore for Android,

18   cannot be harmed by waiting for a hearing that accords with this Court's published schedule and

19   which allows Amazon to properly prepare.  If Apple loses, there is obviously no harm; and, even if

20   Apple persuades the Court that it alone should be allowed to use "app store," it will lose no rights if

21   Amazon's use is enjoined a few weeks later than the time its request might otherwise be heard.

22

23

24

25

26

27

28

**HowardRice**

**CONCLUSION**

In light of the foregoing, Amazon requests that the Court deny Apple's Motion to Shorten Time.

DATED:  April 18, 2011.

Respectfully,

MARTIN R. GLICK
CLARA J. SHIN
SARAH J. GIVAN
HOWARD RICE NEMEROVSKI CANADY
          FALK & RABKIN
A Professional Corporation

By: _____ /s/ *Martin R. Glick* _____
                          MARTIN R. GLICK

Attorneys for Defendants AMAZON.COM, INC., a Delaware corporation, and AMAZON DIGITAL SERVICES, INC., a Delaware corporation