```
MARTIN R. GLICK (No. 40187)
email: mglick@howardrice.com
CLARA J. SHIN (No. 214809)
email: cshin@howardrice.com
SARAH J. GIVAN (No. 238301)
email: sgivan@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
     FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone:    415/434-1600
Facsimile:    415/677-6262

Attorneys for Defendants
AMAZON.COM, INC., a Delaware corporation,
and AMAZON DIGITAL SERVICES, INC., a
Delaware corporation
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California corporation, | No. 11-cv-01327 PJH |
| Plaintiff, | Action Filed: March 18, 2011 |
| v. | DEFENDANTS' ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM |
| AMAZON.COM, INC., a Delaware corporation, and AMAZON DIGITAL SERVICES, INC., a Delaware corporation, | |
| Defendants. | |

DEFS.' ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM          11-cv-01327 PJH

Defendants Amazon.com, Inc. ("Amazon.com") and Amazon Digital Services, Inc. ("ADSI") (collectively, "Amazon" or "Defendants") hereby respond to the Amended Complaint filed by Plaintiff Apple Inc. ("Apple" or "Plaintiff") as follows:

## NATURE OF ACTION

1. Defendants deny that Apple "coined the APP STORE mark". Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and therefore deny same.

2. Defendants admit that Amazon recently launched a mobile software download store. Except as specifically admitted, the allegations of Paragraph 2 are denied.

## PARTIES

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore deny same.

4. Admitted.

5. Defendants admit the first sentence of Paragraph 5. Defendants further admit that ADSI is part of the Amazon.com group of companies. Except as specifically admitted, the allegations of Paragraph 5 are denied.

## JURISDICTIONAL STATEMENT

6. Paragraph 6 states legal conclusions to which no response is required.

7. Paragraph 7 states legal conclusions to which no response is required.

8. Paragraph 8 states legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore deny same.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore deny same.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences of Paragraph 11 and therefore deny same. Defendants deny the third and fourth sentences of Paragraph 11.

1   12.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
2   the allegations of Paragraph 12 and therefore deny same.

3   13.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
4   the allegations of Paragraph 13 and therefore deny same.

5   14.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
6   the allegations of Paragraph 14 and therefore deny same.

7   15.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
8   the allegations of the first, second, and fourth sentences of Paragraph 15 and therefore deny same.
9   Defendants deny the third sentence of Paragraph 15.

10   16.   Defendants admit the first sentence of Paragraph 16. Defendants admit that the U.S.
11   Patent and Trademark Office allowed Apple's application to register APP STORE to be published
12   for opposition. Defendants admit the third and fourth sentences of Paragraph 16. Except as
13   specifically admitted, the allegations of Paragraph 16 are denied.

14   17.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
15   the allegations of Paragraph 17 and therefore deny same.

16   18.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
17   the allegations of Paragraph 18 and therefore deny same.

18   19.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
19   the allegations of the first sentence of Paragraph 19 and therefore deny same. Defendants deny the
20   second sentence of Paragraph 19.

21   20.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
22   the allegations of Paragraph 20 and therefore deny same.

23   21.   Defendants deny that third party use of the term "app store" has occurred only in
24   "limited instances" or that each instance of the alleged use of the term "app store" is improper.
25   Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining
26   allegations of Paragraph 21 and therefore deny same.

27   22.   Defendants deny that Amazon's generic use of "app store" is unlawful. Amazon first
28   used the generic term "app store" in September 2010 in connection with developer agreements

1   offered to potential software developers.  On January 5, 2011, Amazon launched the developer
2   portal, which offers developers the opportunity to develop apps for its "app store."  Except as
3   specifically admitted, the allegations of Paragraph 22 are denied.

4       23.   Defendants admit that they have offered software developers the opportunity to market
5   Android platform apps through the Amazon Appstore for Android, which is available to customers
6   with Android mobile devices throughout the United States, including in the Northern District of
7   California.  Defendants further admit that information relating to software developer opportunities
8   for the Amazon Appstore for Android can be found at http://developer.amazon.com.  Except as
9   specifically admitted, the allegations of Paragraph 23 are denied.

10      24.   Defendants admit that they use the generic term "app store" in connection with the
11  "Amazon Appstore Developer Portal" and the "Amazon Appstore Developer Program" on
12  Amazon's website.  Defendants admit that the image shown in Paragraph 24 appears to be a
13  screenshot taken from Amazon's website, but lacks knowledge or information sufficient to form a
14  belief as to whether that screenshot was taken on March 17, 2011, and therefore denies same.
15  Except as specifically admitted, the allegations of Paragraph 24 are denied.

16      25.   Defendants admit that Amazon has not received a license or authorization from Apple to
17  use the term "app store", and contend that no such license or authorization is required because "app
18  store" is a generic term, and Amazon's use of the term causes no likelihood of confusion, dilution,
19  or unfair competition.  Except as specifically admitted, the allegations of Paragraph 25 are denied.

20      26.   Defendants admit that on March 14, Apple communicated to Amazon and demanded
21  that Amazon cease use of the term "app store."  Defendants presently lack information or knowledge
22  sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26, and therefore
23  deny same.

24      27.   Defendants admit that the Amazon Appstore for Android launched on Tuesday, March
25  22, 2011; Defendants lack knowledge or information sufficient to form a belief as to the truth of the
26  remaining allegations of the first sentence of Paragraph 27 and therefore denies same.  Defendants
27  admit that at the time of launch, the Amazon Appstore for Android made available nearly 4,000
28  mobile software applications for Android-platform devices; Defendants lack knowledge or

1 information sufficient to form a belief as to the truth of the remaining allegations of the second sentence of Paragraph 27 and therefore deny same. Defendants admit that the images shown in Paragraph 27 appear to be images taken from Amazon's website, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the third sentence of Paragraph 27 and therefore deny same. Except as specifically admitted, the allegations of Paragraph 27 are denied.

28.   Defendants admit that, on March 25, 2011, Amazon communicated to Apple through counsel that Amazon intended to continue use of the generic term "app store." Except as specifically admitted, the allegations of Paragraph 28 are denied.

**FIRST CAUSE OF ACTION**

**(Trademark Infringement; False Designation of Origin/Description—Lanham Act §43(a), 15 U.S.C. §1125(a))**

29.   To the extent the allegations of Paragraphs 1-28 are admitted or denied, such responses are incorporated here by reference.

30.   Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Apple has used the term "app store" since 2008 in California, in the United States, and worldwide and therefore deny same. Defendants deny the remaining allegations of Paragraph 30.

31.   Paragraph 31 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 31.

32.   Paragraph 32 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 32.

33.   Paragraph 32 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 32.

**SECOND CAUSE OF ACTION**

**(Dilution—Lanham Act §43(c), 15 U.S.C. §1125(c))**

34.   To the extent the allegations of Paragraphs 1-33 are admitted or denied, such responses are incorporated here by reference.

1  35. Paragraph 35 states legal conclusions to which no response is required. To the extent a
2  response is required, Defendants deny the allegations of Paragraph 35.

3  36. Paragraph 36 states legal conclusions to which no response is required. To the extent a
4  response is required, Defendants deny the allegations of Paragraph 36.

5  37. Paragraph 37 states legal conclusions to which no response is required. To the extent a
6  response is required, Defendants deny the allegations of Paragraph 37.

7  38. Defendants admit that Amazon first used the generic term "app store" after October 6,
8  2006. The remaining allegations of Paragraph 38 state legal conclusions to which no response is
9  required. To the extent a response is required, Defendants deny the remaining allegations of
10 Paragraph 38.

## THIRD CAUSE OF ACTION
### (Trademark Infringement—Common Law)

13 39. To the extent the allegations of Paragraphs 1-38 are admitted or denied, such responses
14 are incorporated here by reference.

15 40. Paragraph 40 states legal conclusions to which no response is required. To the extent a
16 response is required, Defendants deny the allegations of Paragraph 40.

17 41. Paragraph 41 states legal conclusions to which no response is required. To the extent a
18 response is required, Defendants deny the allegations of Paragraph 41.

19 42. Paragraph 42 states legal conclusions to which no response is required. To the extent a
20 response is required, Defendants deny the allegations of Paragraph 42

## FOURTH CAUSE OF ACTION
### (Dilution—Cal. Bus. & Prof. Code §14330 and Common Law)

23 43. To the extent the allegations of Paragraphs 1-42 are admitted or denied, such responses
24 are incorporated here by reference.

25 44. Paragraph 44 states legal conclusions to which no response is required. To the extent a
26 response is required, Defendants deny the allegations of Paragraph 44.

27 45. Paragraph 45 states legal conclusions to which no response is required. To the extent a
28 response is required, Defendants deny the allegations of Paragraph 45.

## FIFTH CAUSE OF ACTION

### (Unfair Competition—Cal. Bus. & Prof. Code §17200 and Common Law)

46. To the extent the allegations of Paragraphs 1-45 are admitted or denied, such responses are incorporated here by reference.

47. Paragraph 47 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 47.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 48.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 49.

50. Paragraph 50 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 50.

51. Defendants deny the Prayer for Relief contained in the wherefore clause and accompanying paragraphs.

52. Defendants deny each and every allegation, prayer, matter, fact or thing averred in the Amended Complaint not expressly admitted or otherwise responded to herein, including without limitation the headings contained in the Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendants set forth their separate and affirmative defenses to the Amended Complaint, without conceding that the burden of proof rests with Plaintiff with respect to these issues. Defendants reserve the right to assert such other separate and affirmative defenses as continuing investigation and discovery may disclose.

1. Plaintiff's Amended Complaint, in whole or in part, fails to state claims upon which relief may be granted.

2. Plaintiff's claims are barred because "app store" is generic and unprotectable.

3. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

4. Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, waiver, unclean hands, and estoppel.

1    5.   Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

2    6.   Plaintiff has suffered no damages or economic harm as a result of the matters alleged in
3    the Amended Complaint.

4    7.   Plaintiff is not entitled to recover the alleged damages, if any, because they are
5    uncertain, contingent, and speculative.

6    8.   Plaintiff failed to take reasonable and appropriate steps to mitigate the alleged damages,
7    if any.

## COUNTERCLAIM

Defendants and Counterplaintiffs Amazon.com, Inc. ("Amazon.com") and Amazon Digital Services, Inc. ("ADSI") (collectively, "Amazon") hereby sue Plaintiff and Counterdefendant Apple Inc. ("Apple") and allege as follows:

## PARTIES

1.   Amazon.com. is a corporation organized and existing under the laws of the State of Delaware, with its headquarters in Seattle, Washington.

2.   ADSI is a corporation organized and existing under the laws of the State of Delaware, with its headquarters in Seattle, Washington. ADSI is part of the Amazon.com group of companies.

3.   On information and belief, Apple is an entity organized and existing under the laws of the State of California, with its principal place of business in Cupertino, California.

## JURISDICTION

4.   This Counterclaim arises under the Lanham Act, 15 U.S.C. §1051, *et. seq*. This Court has federal question jurisdiction over the subject of this action pursuant to 15 U.S.C. §1121(a) and 28 U.S.C. §§1331, 1338.

5.   Because Apple has sued Amazon in this jurisdiction, this Court has personal jurisdiction over Apple and venue is proper in this Court pursuant to 28 U.S.C. §1391(c).

## FACTS

6.   On or about March 22, 2011, Amazon launched the Amazon Appstore for Android on the www.amazon.com website. The Amazon Appstore for Android is an app store that allows a consumer to view and instantly download apps for their Android mobile devices. Users may shop

1  the Amazon Appstore either from their computers at the www.amazon.com website, or from the
2  Amazon Appstore app on their Android mobile devices.

3      7.    On information and belief, in 2008 Apple launched its app store, which allows a
4  consumer to view and instantly download apps for their Apple devices such as the iPhone, iPad, and
5  iPod. In press releases, Apple has claimed that its app store is "the largest application store in the
6  world." In October 2010, Apple's CEO Steve Jobs called Apple's app store "the easiest-to-use,
7  largest app store in the world, preloaded on every iPhone."

8      8.    The *Oxford English Dictionary* defines "app" as "[a]n application, *esp.* an application
9  program." The *New Oxford American Dictionary* defines "store" as "a retail establishment selling
10  items to the public."

11      9.    Based on their common meaning, the words "app store" together denote a store for apps,
12  such as the app stores operated by Amazon and Apple. The American Dialect Society, a leading
13  group of U.S. linguists, recently voted "app" as the "Word of the Year" for 2010, noting that
14  although the word "has been around for ages," it "really exploded in the last 12 months" with the
15  "arrival of 'app stores' for a wide spectrum of operating systems for phones and computers."
16  Indeed, the words "app store" are commonly used among many businesses competing in the app
17  store market.

18      10.    Apple alleges that it has the exclusive right to use the words "app store."

19      11.    Defendants contend that they have the right to use the words "app store" in connection
20  with Amazon's online app store that provides apps for Android devices.

21      12.    An actual and justiciable controversy exists between the parties with respect to
22  Amazon's right to use the words "app store" in connection with Amazon's online store that provides
23  apps for Android devices. Defendants seek declaratory judgment pursuant to 28 U.S.C. §2201 and
24  Rule 57 of the Federal Rules of Civil Procedure confirming Amazon's rights to continue to use the
25  words "app store."

26      WHEREFORE, Defendants pray for judgment as follows:

27      1.    Dismissing Plaintiff's Complaint with prejudice and denying Plaintiff any relief
28  whatsoever;

2. Declaring that Defendants' use of the words "app store" does not infringe or dilute any trademark rights or other rights of Plaintiff Apple;

3. Awarding Defendants their attorney's fees and expenses incurred in this matter as an exceptional case under 15 U.S.C. §1117;

4. Awarding Defendants their costs;

5. Any such other and further relief as the Court deems appropriate.

DATED: April 25, 2011.

Respectfully,

MARTIN R. GLICK
CLARA J. SHIN
SARAH J. GIVAN
HOWARD RICE NEMEROVSKI CANADY
   FALK & RABKIN
A Professional Corporation

By:     */s/ Martin R. Glick*
          MARTIN R. GLICK

Attorneys for Defendants AMAZON.COM, INC., a Delaware corporation, and AMAZON DIGITAL SERVICES, INC., a Delaware corporation