1   DAVID R. EBERHART (S.B. #195474)
    deberhart@omm.com
2   RYAN J. PADDEN (S.B. #204515)
    rpadden@omm.com
3   DAVID J. SEPANIK (S.B. #221527)
    dsepanik@omm.com
4   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
5   San Francisco, CA  94111
    Telephone:   (415) 984-8700
6   Facsimile:   (415) 984-8701

7   Attorneys for Plaintiff
    APPLE INC.

8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10

11
    APPLE INC., a California corporation,        Case No.  CV 11-01327 PJH
12
                        Plaintiff,               **SECOND AMENDED COMPLAINT**
13                                               **FOR**
                        v.
14                                               **(1) Trademark Infringement; False**
    AMAZON.COM, INC., a Delaware                 **Designation of Origin and False**
15  corporation, and AMAZON DIGITAL              **Description (Lanham Act § 43(a),**
    SERVICES, INC., a Delaware                   **15 U.S.C. § 1125(a))**
16  corporation,
                                                 **(2) Dilution (Lanham Act § 43(c),**
17                      Defendants.              **15 U.S.C. § 1125(c))**

18                                               **(3) Trademark Infringement**
                                                 **(Common Law)**
19
                                                 **(4) Dilution (Cal. Bus. & Prof. Code**
20                                               **§ 14247 and Common Law)**

21                                               **(5) False Advertising (Lanham Act**
                                                 **§ 43(a), 15 U.S.C. § 1125(a))**
22
                                                 **(6)  Unfair Competition (Cal. Bus. &**
23                                               **Prof. Code § 17200)**

24                                               **DEMAND FOR JURY TRIAL**

25

26

27

28

1   Plaintiff Apple Inc. ("Apple") brings this action to enjoin Amazon.com, Inc.

2   and Amazon Digital Services, Inc.'s (collectively "Amazon") unauthorized use of Apple's

3   APP STORE ™ trademark.  Apple seeks permanent injunctive relief and damages under

4   the laws of the United States and the State of California and alleges on knowledge as to

5   itself and its own acts, and on information and belief as to all other matters, as follows:

6   **NATURE OF ACTION**

7   1.   Apple is a market leading computer hardware, software, and mobile

8   computing technology and services company.  Its APP STORE mobile software download

9   service has transformed the way that mobile device users customize and expand the

10   functionality of their devices.  Apple, long renowned for its innovation and product

11   design, introduced the APP STORE service and coined the APP STORE mark three years

12   ago.  In that short period of time, the service has experienced phenomenal growth and

13   success, and the service is now available on over 250 million devices worldwide and over

14   18 billion software programs have been downloaded by users.

15   2.   Amazon has been improperly using Apple's APP STORE mark in

16   connection with Amazon's mobile software developer program, has recently launched  a

17   mobile software download service using Apple's mark, and has announced the release of a

18   tablet device that will utilize certain aspects of the mobile software download service.

19   Amazon's uses are unauthorized and unlawful.

20   **PARTIES**

21   3.   Plaintiff Apple is a corporation organized and existing under the laws

22   of the State of California and has its principal place of business in Cupertino, California.

23   4.   On information and belief, defendant Amazon.com, Inc. is a

24   corporation organized and existing under the laws of the State of Delaware, with its

25   principal place of business in Seattle, Washington.

26   5.   On information and belief, defendant Amazon Digital Services, Inc.

27   is a corporation organized and existing under the laws of the State of Delaware with its

28   principal place of business in Seattle, Washington.  On information and belief, defendant

SECOND AMENDED COMPLAINT
NO. CV 11-01327 PJH

2

1  Amazon Digital Services, Inc. is a wholly-owned subsidiary of defendant Amazon.com,

2  Inc. and, at all times relevant to the allegations herein, has acted in concert with and/or at

3  the direction of defendant Amazon.com, Inc.

4  ### JURISDICTIONAL STATEMENT

5  **Jurisdiction**

6  6.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §

7  1331 and 1338, 15 U.S.C. §§ 1116 and 1125, and 28 U.S.C. § 1367.

8  **Venue**

9  7.      Venue lies within this district because a substantial part of the events

10  giving rise to these claims occurred in this district and Amazon resides in this judicial

11  district for purposes of 28 U.S.C. § 1391(b) and (c).

12  **Intradistrict Assignment**

13  8.      This action arises in Santa Clara County because a substantial part of

14  the events giving rise to the claim occurred in Santa Clara County.  This is an intellectual

15  property action subject to district-wide assignment pursuant to Civil Local Rule 3-2(c).

16  ### FACTUAL ALLEGATIONS

17  **Apple Coins, Uses In Commerce, And Protects APP STORE**

18  9.      On July 11, 2008, Apple launched its APP STORE service.  Using

19  the APP STORE mobile software application, users of Apple's iPhone, iPod and, most

20  recently, iPad mobile devices, can browse for and license a wide range of third party

21  software programs, including games, business, educational, finance, news, sports,

22  productivity, social networking, health, reference, travel, and utility software.   Users can

23  also browse and license software in the APP STORE section of Apple's popular iTunes

24  Store, accessed using Apple's iTunes software.

25  10.      Prior to the introduction of the APP STORE service, operators of

26  mobile communications networks offered a variety of downloadable mobile software such

27  as ringtones, wallpapers, and games.  The operators branded their download services with

28  a variety of terms that bore no similarity to APP STORE.  For example, Verizon called its

SECOND AMENDED COMPLAINT
NO. CV 11-01327 PJH

1   mobile software download service the "Get It Now virtual store" and later changed the

2   name of that service to the "Verizon Media Store."

3          11.     When it launched, the APP STORE service represented a

4   revolutionary kind of online software service and was an instant commercial and critical

5   success.  As a columnist for *The New York Times* remarked soon after the launch of the

6   service, "[n]othing like the App Store has ever been attempted before."  Apple coined the

7   term APP STORE as a means of branding its new service.  The term APP STORE was not

8   in general use in connection with the distribution of software programs prior to Apple's

9   adoption of the term as a trademark.

10          12.     The APP STORE service serves as the distribution center for a

11   variety of software programs developed by third parties or by Apple.  For example, if a

12   user of an Apple mobile device wishes to play the popular "Angry Birds" video game, she

13   would touch the "App Store" icon on her mobile device, search for the "Angry Birds"

14   program and obtain a copy of that program on her device by licensing the software

15   through the APP STORE service.

16          13.     In order to distribute software programs through the APP STORE

17   service, third party software developers are required to sign a distribution agreement in

18   which the developer appoints Apple as its worldwide agent for delivery of the software

19   programs. All of the software programs that are available through the APP STORE

20   service are licensed to consumers, not sold.

21          14.     To date, there have been more than 18 billion downloads of programs

22   through the service by more than 250 million devices worldwide.  An average of over a

23   million downloads take place every hour worldwide. There are currently more than

24   500,000 software programs available for download on the APP STORE service.

25          15.     Apple has extensively advertised, marketed and promoted the APP

26   STORE service and the APP STORE mark, spending millions of dollars on print,

27   television, and internet advertising.  News outlets have also commented extensively and

28   repeatedly on the operations of the APP STORE service in the months and years

SECOND AMENDED COMPLAINT
NO. CV 11-01327 PJH

1    following its launch.  The enormous public attention given the APP STORE service, and

2    the success of the service, have cemented the public's identification of APP STORE as a

3    trademark for Apple's service.  Moreover, Apple has obtained registrations of the APP

4    STORE mark covering more than fifty foreign jurisdictions, including the European

5    Union, Japan, and China.

6           16.    Apple has applied to register the APP STORE mark in the United

7    States.  The U.S. Patent and Trademark Office approved Apple's application to register

8    APP STORE as a trademark.  Microsoft has opposed that application's registration.  The

9    matter is currently subject to opposition proceedings before the Trademark Trial And

10   Appeal Board.

11          17.    From Apple's launch of the APP STORE service in 2008, Apple has

12   prominently featured the APP STORE mark in print advertising in the United States,

13   California, and elsewhere.  The mark has been featured in such print advertising

14   sponsored both by Apple as well as AT&T (which offers wireless connectivity for certain

15   Apple mobile devices).  These ads have appeared in such magazines and newspapers as

16   *Fortune*, *The New Yorker*, *The Economist*, *Newsweek*, *Time*, *The New York Times*, the

17   *Washington Post*, as well as numerous other regional and local newspapers.

18          18.    As part of its marketing for the APP STORE service, Apple has

19   implemented a unique television advertising campaign.  Most recently, Apple has aired

20   nationwide television commercials that state "If you don't have an iPhone - you don't

21   have the App Store."  These commercials highlight the different computer software

22   programs available through the APP STORE service and the variety of functions each

23   computer software program serves.  These commercials verbally refer to the APP STORE

24   mark and also depict the APP STORE mark as featured on Apple's devices.  Apple has

25   aired these and other commercials regarding its APP STORE services on all the major

26   television broadcast stations in the United States, including ABC, CBS, NBC, FOX, The

27   CW, BET, Comedy Central, CNN, ESPN, MTV, TBS, TNT, and VH1.  As a result,

28   millions of consumers in the United States and California have been exposed to Apple's

SECOND AMENDED COMPLAINT
NO. CV 11-01327 PJH

1    television campaigns.

2          19.    Not surprisingly given the success of Apple's APP STORE service,

3    the service and Apple's APP STORE mark have been the subject of an overwhelming

4    amount of high-profile positive unsolicited media coverage in the United States and

5    California.  These articles recognize the APP STORE mark as referring exclusively to

6    Apple's service.

7          20.    The phenomenal popularity of Apple's mobile software download

8    service has prompted a number of competitors to offer their own services.  In fact,

9    Microsoft, Google, Nokia, Research in Motion (Blackberry), Sprint, Verizon and other

10   major companies now offer software download services for mobile operating systems that

11   compete with Apple's mobile operating system.  These competitors have found ways of

12   branding and describing their own mobile software download services without using the

13   term APP STORE.  For example, Microsoft uses the term MARKETPLACE to refer to its

14   service and uses the descriptor "virtual store for apps."

15         21.    In limited instances, third parties have made improper use of the term

16   APP STORE.  In response, Apple has contacted those parties and requested that they

17   cease and desist from further use of the mark.  In almost every instance, the entities

18   contacted by Apple agreed to cease use of Apple's APP STORE mark.

19   **Amazon Unlawfully Uses APP STORE And Expands That Unlawful Use**

20         22.    In approximately January of 2011, Amazon began soliciting software

21   developers to participate in a future mobile software download service offered by

22   Amazon.  On information and belief, Amazon began unlawfully using the APP STORE

23   mark in or about that same month.

24         23.    Amazon has unlawfully used the APP STORE mark to solicit

25   software developers throughout the United States, including in the Northern District of

26   California.  Amazon's unlawful use includes, but on information and belief is not limited

27   to, such use at web pages accessed through the developer.amazon.com URL.

28         24.    Amazon continues to unlawfully use the APP STORE mark in

SECOND AMENDED COMPLAINT
NO. CV 11-01327 PJH

6

1    connection with what Amazon terms the "Amazon Appstore Developer Portal" and the

2    "Amazon Appstore Developer Program."  The following is a screenshot of Amazon's

3    website showing that use on March 17, 2011:

4

5    

16           25.     At no time has Amazon received a license or authorization from

17   Apple to use the APP STORE mark.

18           26.     On or about January 19, February 4, and March 14, 2011, Apple

19   communicated with Amazon and demanded that Amazon cease its use of the APP STORE

20   mark.  Amazon did not provide a substantive response to these communications until after

21   Amazon launched its APPSTORE service and until after Apple filed its complaint in this

22   action.

23           27.     Despite Apple's multiple communications to Amazon informing

24   them of Apple's rights, Amazon launched its infringing APPSTORE service on Tuesday,

25   March 22, 2011.  Amazon's service purports to make available nearly 4,000 mobile

26   software applications, many of which are the same titles as some of the most popular

27   applications available on Apple's APP STORE service.  Amazon provides its service both

28   through its Amazon.com website and through a mobile software application entitled

SECOND AMENDED COMPLAINT
NO. CV 11-01327 PJH

1    "Appstore" that is available for download from Amazon or is pre-installed on certain

2    mobile devices. Three representative samples of Amazon's use of the APPSTORE mark,

3    as obtained from Amazon's website on March 23-24, 2011, are set forth below:

4

5    

6

7

8

9

10

11

12

13     

14

15

16    

17

18

19

20

21            28.     On March 25, 2011, Amazon communicated through its counsel that

22    it intended to continue use of the infringing mark.

23            29.     Beginning in or about September 2011 Amazon began altering its use

24    of the infringing mark by omitting or de-emphasizing the use of the "for Android" suffix

25    to the "Amazon Appstore" phrase.  For example, when Amazon announced in late

26    September 2011 that it would introduce a new hardware product named the Kindle Fire

27    (the "Fire"), Amazon promoted the Fire's ability to use Amazon's mobile software

28    download service but omitted the "for Android" phrase when using the APPSTORE mark.

1    An example of Amazon's usage of the APP STORE mark in conjunction with the Fire,

2    obtained from Amazon's website at or near the time of the original Fire announcement, is

3    set forth below:

4

5    

6

7

8

9

10

11

12

13          30.     Amazon's alteration of its usage does not appear to be limited to

14   promotions connected to the Fire.    Set forth below is an image obtained from Amazon's

15   website on November 7, 2011.  That image shows Amazon's use of the phrase "Amazon

16   Appstore Gift Cards" in large type with references to "for Android" or to "Android" in

17   smaller, less prominent type:

18   

19

20

21

22

23

24

25

26

27

28

31.     Amazon further advertises its APPSTORE mobile download service as providing "Your Favorite Apps and Games" for the Fire, including such popular applications as Angry Birds and the Weather Channel application.

32.     Amazon's ongoing unlawful use of the APP STORE mark has irreparably harmed Apple, and Amazon's threatened expansion and/or alteration of that unlawful use will increase the irreparable harm to Apple.

**FIRST CAUSE OF ACTION**

**(Trademark Infringement; False Designation Of Origin/Description – Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

33.     Apple repeats and realleges each and every allegation of paragraphs 1 through 32 above, and incorporates them by reference as if fully set forth herein.

34.     Apple has used its APP STORE trademark since 2008 to identify its services in California, in the United States, and worldwide.  The general consuming public of the United States widely recognizes the APP STORE mark as designating Apple as the source of services and/or goods.

35.     Amazon's use of Apple's APP STORE mark constitutes a false designation of origin and/or a false or misleading description or representation of fact that is likely to cause confusion, to cause mistake, or to deceive as to (a) the affiliation, connection, or association of Amazon with Apple and/or (b) the origin, sponsorship, or approval of Amazon's goods, services, or commercial activities by Apple.  For example, consumers of mobile software downloads are likely to be confused as to whether Amazon's mobile software download service is sponsored or approved by Apple or is merely a conduit for Apple's APP STORE service.

36.     Amazon's wrongful activities have caused Apple irreparable injury.  Apple is informed and believes that unless said conduct is enjoined by this Court, Amazon will continue and expand those activities to the continued and irreparable injury of Apple.  This injury includes a reduction in the distinctiveness of Apple's APP STORE mark and injury to Apple's reputation that cannot be remedied through damages, and Apple has no

SECOND AMENDED COMPLAINT
NO. CV 11-01327 PJH

1   adequate remedy at law.  Apple is entitled to a permanent injunction pursuant to 15 U.S.C.

2   § 1116 restraining and enjoining Amazon and its agents, servants, employees, and all

3   persons acting thereunder, in concert with, or on their behalf, from using in commerce the

4   APP STORE mark or any colorable imitation thereof.

5           37.     Pursuant to 15 U.S.C. § 1117, Apple is also entitled to recover (i)

6   Amazon's profits, (ii) Apple's ascertainable damages, and (iii) Apple's costs of suit.

7   Amazon's willful use of Apple's APP STORE mark without excuse or justification

8   renders this an exceptional case and entitles Apple to its reasonable attorney fees.

9                                  **SECOND CAUSE OF ACTION**

10                      **(Dilution – Lanham Act § 43(c), 15 U.S.C. § 1125(c))**

11          38.     Apple repeats and realleges each and every allegation of paragraphs 1

12   through 32 above, and incorporates them by reference as if fully set forth herein.

13          39.     The APP STORE mark is famous and distinctive, and that mark

14   became famous prior to Amazon's commencement of use of the mark.

15          40.     Amazon's use of the APP STORE mark for its developer program

16   and/or its mobile software download service are likely to cause dilution by blurring or

17   dilution by tarnishment of the APP STORE mark.  For example, Amazon's use of the

18   APP STORE mark is likely to reduce the distinctiveness of that mark by reducing the

19   general consuming public's association of the mark with Apple's services.

20          41.     Amazon's wrongful activities have caused Apple irreparable injury.

21   Apple is informed and believes that unless said conduct is enjoined by this Court, Amazon

22   will continue and expand those activities to the continued and irreparable injury of Apple.

23   This injury includes a reduction in the distinctiveness of Apple's APP STORE mark that

24   cannot be remedied through damages, and Apple has no adequate remedy at law.  Apple is

25   entitled to a permanent injunction pursuant to 15 U.S.C. § 1116 restraining and enjoining

26   Amazon and its agents, servants, employees, and all persons acting thereunder, in concert

27   with, or on their behalf, from using in commerce the APP STORE trademark or any

28   colorable imitation thereof.

1         42.    Amazon first used the APP STORE mark after October 6, 2006 and

2    Amazon willfully intended to trade on the recognition of the APP STORE mark and/or

3    intended to harm the reputation of the APP STORE mark. Pursuant to 15 U.S.C. §§ 1117

4    and 1125(c)(5) Apple is also entitled to recover (i) Amazon's profits, (ii) Apple's

5    ascertainable damages, and (iii) Apple's costs of suit.  Amazon's willful use of Apple's

6    APP STORE mark without excuse or justification renders this an exceptional case and

7    entitles Apple to its reasonable attorney fees.

8    **THIRD CAUSE OF ACTION**

9    **(Trademark Infringement – Common Law)**

10        43.    Apple repeats and realleges each and every allegation of paragraphs 1

11   through 37 above, and incorporates them by reference as if fully set forth herein.

12        44.    The general consuming public of California widely recognizes the

13   APP STORE mark as designating Apple as the source of services and/or goods.  Apple

14   has common law trademark rights in the APP STORE mark under California law.

15        45.    Amazon's wrongful activities in the State of California have caused

16   Apple irreparable injury.  Apple is informed and believes that unless said conduct is

17   enjoined by this Court, Amazon will continue and expand those activities to the continued

18   and irreparable injury of Apple. This injury includes a reduction in the distinctiveness of

19   Apple's APP STORE mark and injury to Apple's reputation that cannot be remedied

20   through damages, and Apple has no adequate remedy at law.  Apple is entitled to

21   permanent injunctions restraining and enjoining Amazon and its agents, servants,

22   employees, and all persons acting thereunder, in concert with, or on their behalf, from

23   using in commerce the APP STORE mark or any colorable imitation thereof.

24        46.    Apple is also entitled to recover (i) Amazon's profits, (ii) Apple's

25   ascertainable damages, and (iii) Apple's costs of suit.  Amazon's willful use of Apple's

26   APP STORE mark without excuse or justification entitles Apple to its reasonable attorney

27   fees.

28

**FOURTH CAUSE OF ACTION**

**(Dilution – Cal. Bus. & Prof. Code § 14247 and Common Law)**

47.    Apple repeats and realleges each and every allegation of paragraphs 1 through 32 and 38 through 42 above, and incorporates them by reference as if fully set forth herein.

48.    Amazon's use of the APP STORE mark in California (i) has diluted, and on information and belief will continue to dilute, the distinctive quality of the APP STORE mark and/or (ii) has tarnished, and on information and belief will continue to tarnish, the image of Apple's APP STORE mark, in violation of Section 14247 of the California Business and Professions Code.

49.    Amazon's wrongful activities in the State of California have caused Apple irreparable injury.  Apple is informed and believes that unless said conduct is enjoined by this Court, Amazon will continue and expand those activities to the continued and irreparable injury of Apple.  This injury includes a reduction in the distinctiveness of Apple's APP STORE mark and injury to Apple's reputation that cannot be remedied through damages, and Apple has no adequate remedy at law.  Apple is entitled to a permanent injunction restraining and enjoining Amazon and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the APP STORE trademark or any colorable imitation thereof.

**FIFTH CAUSE OF ACTION**

**(False Advertising– Lanham Act § 43(a), 15 U.S.C. § 1125(a))**

50.    Apple repeats and realleges each and every allegation of paragraphs 1 through 32 above, and incorporates them by reference as if fully set forth herein.

51.    Amazon uses APPSTORE in connection with, and in commercial advertising or promotion of, its service and products.  Amazon's use of APPSTORE constitutes a false advertisement that misrepresents the nature, characteristics and qualities of Amazon's mobile download service and/or deceives or has a tendency to deceive a

1   substantial segment of consumers into believing that Amazon's service has the nature,

2   characteristics, and/or qualities of Apple's APP STORE service.   This deception is likely

3   to influence consumers' purchasing decisions about Amazon's service and products,

4   thereby diverting revenues from Apple to Amazon.  Amazon's use is also likely to lessen

5   the goodwill associated with Apple's APP STORE service and Apple products designed to

6   utilize Apple's APP STORE service by associating Apple's APP STORE service with the

7   inferior qualities of Amazon's service.

8           52.     Amazon's wrongful activities have caused Apple irreparable injury.

9   Apple is informed and believes that unless said conduct is enjoined by this Court, Amazon

10  will continue and expand those activities to the continued and irreparable injury of Apple.

11  This injury includes a lessening of the goodwill associated with Apple's APP STORE

12  mark and injury to Apple's reputation that cannot be remedied through damages, and

13  Apple has no adequate remedy at law.  Apple is entitled to a permanent injunction

14  pursuant to 15 U.S.C. § 1116 restraining and enjoining Amazon and its agents, servants,

15  employees, and all persons acting thereunder, in concert with, or on their behalf, from

16  using in commerce the APP STORE mark or any colorable imitation thereof.

17          53.     Pursuant to 15 U.S.C. § 1117, Apple is also entitled to recover (i)

18  Amazon's profits, (ii) Apple's ascertainable damages, and (iii) Apple's costs of suit.

19  Amazon's willful use of Apple's APP STORE mark without excuse or justification

20  renders this an exceptional case and entitles Apple to its reasonable attorney fees.

21

22                      **SIXTH CAUSE OF ACTION**

23      **(Unfair Competition  – Cal. Bus. & Prof. Code § 17200 and Common Law)**

24          54.     Apple repeats and realleges each and every allegation of paragraphs 1

25  through 53 above, and incorporates them by reference as if fully set forth herein.

26          55.     Amazon's acts, as alleged above, constitute unlawful and/or unfair

27  business practices in violation of the California Unfair Competition Law ("UCL"), Cal.

28  Bus. & Prof. Code §§ 17200 et seq.

56.     Amazon acts are unlawful and/or unfair under the UCL because Amazon's use of the APP STORE mark in California is likely to confuse consumers as to the source, origin, or affiliation of Amazon's services, to dilute the distinctiveness of Apple's APP STORE mark, to tarnish the image of Apple's APP STORE mark, to misrepresent the nature, characteristics and qualities of Amazon's mobile download service and/or to deceive or have a tendency to deceive a substantial segment of consumers into believing that Amazon's service has the nature, characteristics, and/or qualities of Apple's APP STORE service.

57.     Amazon's acts of unfair competition in the State of California have caused Apple irreparable injury.  Apple is informed and believes that unless said conduct is enjoined by this Court, Amazon will continue and expand those activities to the continued and irreparable injury of Apple.  This injury includes a reduction in the distinctiveness of Apple's APP STORE mark and injury to Apple's reputation that cannot be remedied through damages, and Apple has no adequate remedy at law.  Apple is entitled to a permanent injunction restraining and enjoining Amazon and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the APP STORE trademark or any colorable imitation thereof.

58.     As a direct and proximate result of Amazon's statutory unfair competition, Amazon has been unjustly enriched in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Apple hereby requests that this Court:

A.     Enter a permanent injunction restraining and enjoining Amazon and its agents, servants, employees, and all persons acting thereunder, in concert with, or on their behalf, from using in commerce the APP STORE mark or any colorable imitation or confusingly similar variation thereof;

B.     Enter a permanent injunction requiring Amazon and its agents, servants, and employees, and all persons acting thereunder in concert with,

or on their behalf, to immediately cease from causing any and all dilution and/or tarnishment of Apple's APP STORE mark;

C.      Award Apple its ascertainable damages, costs, and attorneys' fees;

D.      Award Apple Amazon's profits attributable to Amazon's unauthorized use of Apple's APP STORE mark.

E.      Impose a constructive trust in favor of Apple on all profits obtained from Amazon's misappropriation of Apple's APP STORE mark.

F.      Award Apple all amounts by which Amazon has been unjustly enriched through its use of Apple's APP STORE mark.

G.      Award such other and further relief as this Court deems just and proper.


Dated: November  16, 2011

                                        O'MELVENY & MYERS LLP


                                        By /s/ David R. Eberhart
                                        David R. Eberhart
                                        Attorneys for Plaintiff APPLE INC.

1

JURY DEMAND

2

Apple respectfully requests a jury trial on all issues triable thereby.

3

4

Dated: November 16, 2011

5

O'MELVENY & MYERS LLP

6

7

By/s/ David R. Eberhart

8

David R. Eberhart
Attorneys for Plaintiff APPLE INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28