MARTIN R. GLICK (No. 40187)
email: mglick@howardrice.com
CLARA J. SHIN (No. 214809)
email: cshin@howardrice.com
SARAH J. GIVAN (No. 238301)
email: sgivan@howardrice.com
ELIZABETH WANG (No. 261145)
email: ewang@howardrice.com
HOWARD RICE NEMEROVSKI CANADY
    FALK & RABKIN
A Professional Corporation
Three Embarcadero Center, 7th Floor
San Francisco, California 94111-4024
Telephone: 415/434-1600
Facsimile: 415/677-6262

Attorneys for Defendants
AMAZON.COM, INC., a Delaware corporation,
and AMAZON DIGITAL SERVICES, INC., a
Delaware corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APPLE INC., a California corporation, | No. 11-cv-01327 PJH |
| Plaintiff, | Action Filed: March 18, 2011 |
| v. | DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES |
| AMAZON.COM, INC., a Delaware corporation, and AMAZON DIGITAL SERVICES, INC., a Delaware corporation, | |
| Defendants. | |

Defendants Amazon.com, Inc. ("Amazon.com") and Amazon Digital Services, Inc. ("ADSI") (collectively, "Amazon" or "Defendants") hereby respond to the Second Amended Complaint filed by Plaintiff Apple Inc. ("Apple" or "Plaintiff") as follows:

## NATURE OF ACTION

1. Defendants deny that Apple "coined the APP STORE mark". Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 and therefore deny same.

2. Defendants admit that Amazon recently launched a mobile software download store and has announced the release of the Amazon Kindle Fire, which is preloaded with the Amazon Appstore for Android. Except as specifically admitted, the allegations of Paragraph 2 are denied.

## PARTIES

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 and therefore deny same.

4. Admitted.

5. Defendants admit the first sentence of Paragraph 5. Defendants further admit that ADSI is part of the Amazon.com group of companies. Paragraph 5 also states legal conclusions to which no response is required. Except as specifically admitted, the allegations of Paragraph 5 are denied.

## JURISDICTIONAL STATEMENT

6. Paragraph 6 states legal conclusions to which no response is required.

7. Paragraph 7 states legal conclusions to which no response is required.

8. Paragraph 8 states legal conclusions to which no response is required.

## FACTUAL ALLEGATIONS

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 and therefore deny same.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 and therefore deny same.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of the first two sentences of Paragraph 11 and therefore deny same. Defendants deny

1  the third and fourth sentences of Paragraph 11.

2      12.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
3  the allegations of Paragraph 12 and therefore deny same.

4      13.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
5  the allegations of Paragraph 13 and therefore deny same.

6      14.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
7  the allegations of Paragraph 14 and therefore deny same.

8      15.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
9  the allegations of the first, second, and fourth sentences of Paragraph 15 and therefore deny same.
10 Defendants deny the third sentence of Paragraph 15.

11     16.   Defendants admit the first sentence of Paragraph 16.  Defendants admit that the U.S.
12 Patent and Trademark Office allowed Apple's application to register APP STORE to be published
13 for opposition.  Defendants admit the third sentence of Paragraph 16.  Defendants admit the fourth
14 sentence of Paragraph 16, but note that the opposition proceeding before the Trademark Trial and
15 Appeals Board has been suspended pending the final disposition of this action.

16     17.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
17 the allegations of Paragraph 17 and therefore deny same.

18     18.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
19 the allegations of Paragraph 18 and therefore deny same.

20     19.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
21 the allegations of the first sentence of Paragraph 19 and therefore deny same.  Defendants deny the
22 second sentence of Paragraph 19.

23     20.   Defendants lack knowledge or information sufficient to form a belief as to the truth of
24 the allegations of Paragraph 20 and therefore deny same.

25     21.   Defendants deny that third party use of the term "app store" has occurred only in
26 "limited instances" or that each instance of the alleged use of the term "app store" is improper.
27 Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining
28 allegations of Paragraph 21 and therefore deny same.

22. Defendants deny that Amazon's generic use of "app store" is unlawful. Amazon first used the generic term "app store" in September 2010 in connection with developer agreements offered to software developers. On January 5, 2011, Amazon launched the developer portal, which offers developers the opportunity to develop apps for Amazon's "app store." Except as specifically admitted, the allegations of Paragraph 22 are denied.

23. Defendants admit that they have offered software developers the opportunity to market Android platform apps through the Amazon Appstore for Android, which is available to customers with Android mobile devices throughout the United States, including in the Northern District of California. Defendants further admit that information relating to software developer opportunities for the Amazon Appstore for Android can be found at http://developer.amazon.com. Except as specifically admitted, the allegations of Paragraph 23 are denied.

24. Defendants admit that they use the generic term "app store" in connection with the "Amazon Appstore Developer Portal" and the "Amazon Appstore Developer Program" on Amazon's website. Defendants admit that the image shown in Paragraph 24 appears to be a screenshot taken from Amazon's website, but lack knowledge or information sufficient to form a belief as to whether that screenshot was taken on March 17, 2011, and therefore deny same. Except as specifically admitted, the allegations of Paragraph 24 are denied.

25. Defendants admit that Amazon has not received a license or authorization from Apple to use the term "app store", and contend that no such license or authorization is required because "app store" is a generic term and because Amazon's use of the term causes no likelihood of confusion, dilution, or unfair competition. Except as specifically admitted, the allegations of Paragraph 25 are denied.

26. Defendants admit that Apple has attested that, on January 19 and February 4, 2011, its employees communicated to Amazon's employees that Amazon's use of "appstore" was improper. Defendants admit that on March 14, Apple communicated to Amazon and demanded that Amazon cease use of the term "app store." Defendants presently lack information or knowledge sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26, and therefore deny same.

27. Defendants admit that the Amazon Appstore for Android launched on Tuesday, March

22, 2011; Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the first sentence of Paragraph 27 and therefore deny same. Defendants admit that at the time of launch, the Amazon Appstore for Android made available nearly 4,000 mobile software applications for Android-platform devices; Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the second sentence of Paragraph 27 and therefore deny same. Defendants admit that it provides Amazon Appstore for Android through Amazon's website and through a mobile software application that is available for download or pre-loaded on certain mobile devices. Defendants admit that the images shown in Paragraph 27 appear to be images taken from Amazon's website, but lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of the fourth sentence of Paragraph 27 and therefore deny same. Except as specifically admitted, the allegations of Paragraph 27 are denied.

28. Defendants admit that, on March 25, 2011, Amazon communicated to Apple through counsel that Amazon intended to continue use of the generic term "app store." Except as specifically admitted, the allegations of Paragraph 28 are denied.

29. Defendants admit that in late September 2011, Defendants announced the introduction of a new Amazon product called the "Kindle Fire." Defendants admit that the image shown in Paragraph 29 appears to be a screenshot taken from Amazon's website, but lack knowledge or information sufficient to form a belief as to whether that screenshot was taken on at or near the time of the original Kindle Fire announcement, and therefore deny same. Except as specifically admitted, the allegations of Paragraph 29 are denied.

30. Defendants admit that the image shown in Paragraph 30 appears to be a screenshot taken from Amazon's website, but lack knowledge or information sufficient to form a belief as to whether that screenshot was taken on November 7, 2011, and therefore deny same. Except as specifically admitted, the allegations of Paragraph 30 are denied.

31. Defendants admit that on Amazon's website, the description of features of the Kindle Fire includes the phrase "Your Favorite Apps and Games," and references the Angry Birds application. Except as specifically admitted, the allegations of Paragraph 31 are denied.

32. Defendants lack knowledge or information sufficient to form a belief as to Apple's claimed "irreparable harm." The remaining allegations of Paragraph 32 are denied.

## FIRST CAUSE OF ACTION

### (Trademark Infringement; False Designation of Origin/Description—Lanham Act §43(a), 15 U.S.C. §1125(a))

33. To the extent the allegations of Paragraphs 1-32 are admitted or denied, such responses are incorporated here by reference.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Apple has used the term "app store" since 2008 in California, in the United States, and worldwide and therefore deny same. Defendants deny the remaining allegations of Paragraph 34.

35. Paragraph 35 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 35.

36. Paragraph 36 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 36.

37. Paragraph 37 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 37.

## SECOND CAUSE OF ACTION

### (Dilution—Lanham Act §43(c), 15 U.S.C. §1125(c))

38. To the extent the allegations of Paragraphs 1-37 are admitted or denied, such responses are incorporated here by reference.

39. Paragraph 39 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 39.

40. Paragraph 40 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 40.

41. Paragraph 41 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 41.

42. Defendants admit that Amazon first used the generic term "app store" after October 6, 2006. The remaining allegations of Paragraph 42 state legal conclusions to which no response is

required. To the extent a response is required, Defendants deny the remaining allegations of Paragraph 42.

### THIRD CAUSE OF ACTION
### (Trademark Infringement—Common Law)

43. To the extent the allegations of Paragraphs 1-42 are admitted or denied, such responses are incorporated here by reference.

44. Paragraph 44 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 44.

45. Paragraph 45 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 45.

46. Paragraph 46 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 46.

### FOURTH CAUSE OF ACTION
### (Dilution—Cal. Bus. & Prof. Code §14330 and Common Law)

47. To the extent the allegations of Paragraphs 1-46 are admitted or denied, such responses are incorporated here by reference.

48. Paragraph 48 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 48.

49. Paragraph 49 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 49.

### FIFTH CAUSE OF ACTION
### (False Advertising—Lanham Act §43(a), 15 U.S.C. §1125(a))

50. To the extent the allegations of Paragraphs 1-49 are admitted or denied, such responses are incorporated here by reference.

51. Defendants admit that Amazon uses the generic term "app store" in connection with, and in the commercial promotion of, the Amazon Appstore for Android and other Amazon products. The remaining allegations in Paragraph 51 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 51.

1  52. Paragraph 52 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 52.

3  53. Paragraph 53 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 53.

## SIXTH CAUSE OF ACTION

### (Unfair Competition—Cal. Bus. & Prof. Code §17200 and Common Law)

54. To the extent the allegations of Paragraphs 1-53 are admitted or denied, such responses are incorporated here by reference.

55. Paragraph 55 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 55.

56. Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 56.

57. Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 57.

58. Paragraph 58 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations of Paragraph 58.

## PRAYER FOR RELIEF

59. Defendants deny the Prayer for Relief contained in the wherefore clause and accompanying paragraphs.

60. Defendants deny each and every allegation, prayer, matter, fact or thing averred in the Second Amended Complaint not expressly admitted or otherwise responded to herein, including without limitation the headings contained in the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

Defendants set forth their separate and affirmative defenses to the Second Amended Complaint, without conceding that the burden of proof rests with Plaintiff with respect to these issues. Defendants reserve the right to assert such other separate and affirmative defenses as continuing investigation and discovery may disclose.

1. Plaintiff's Second Amended Complaint, in whole or in part, fails to state claims upon

1  which relief may be granted.

2  2. Plaintiff's claims are barred because "app store" is generic and unprotectable.

3  3. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

4  4. Plaintiff's claims are barred, in whole or in part, by the doctrines of acquiescence, waiver, unclean hands, and estoppel.

5. Plaintiff's claims are barred, in whole or in part, by the doctrine of fair use.

6. Plaintiff has suffered no damages or economic harm as a result of the matters alleged in the Second Amended Complaint.

7. Plaintiff is not entitled to recover the alleged damages, if any, because they are uncertain, contingent, and speculative.

8. Plaintiff failed to take reasonable and appropriate steps to mitigate the alleged damages, if any.

### COUNTERCLAIM

Defendants filed their counterclaim on April 25, 2011 and Apple answered on May 19, 2011. While Apple's Second Amended Complaint does not require any amendments to Defendants' counterclaim, to the extent required by law, Defendants hereby incorporate by reference the Counterclaim filed on April 25, 2011.

DATED: December 19, 2011.

Respectfully,

MARTIN R. GLICK
CLARA J. SHIN
SARAH J. GIVAN
ELIZABETH WANG
HOWARD RICE NEMEROVSKI CANADY
  FALK & RABKIN
A Professional Corporation

By: ___/s/ *Martin R. Glick*___
         MARTIN R. GLICK

Attorneys for Defendants AMAZON.COM, INC., a Delaware corporation, and AMAZON DIGITAL SERVICES, INC., a Delaware corporation