UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

APPLE INC.,

    Plaintiff,

    v.

AMAZON.COM INC.,

    Defendant.
_____/

No. C 11-1327 PJH

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant's motion for partial summary judgment came on for hearing before this court on October 31, 2012. Plaintiff appeared by its counsel David R. Eberhart and David J. Sepanik, and defendant appeared by its counsel Martin R. Glick and Daniel B. Asimow. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion as follows.

**BACKGROUND**

This is a trademark infringement/dilution and false advertising case. Plaintiff Apple Inc. ("Apple") alleges that defendant Amazon.com Inc. ("Amazon") has been improperly using the term "APP STORE" in connection with sales of apps for Android devices and the Kindle Fire (Amazon's tablet computer).

Since July 2008, Apple has sold applications ("apps") for its mobile devices through its APP STORE service. On July 17, 2008, Apple applied to register the APP STORE mark with the U.S. Patent and Trademark Office ("PTO"). On July 6, 2010, Microsoft Corporation ("Microsoft") filed an opposition to the registration, asserting (among other things) that the APP STORE mark cannot be registered because it is generic as used in connection with

the three classes of services claimed by Apple. On December 8, 2011, at Microsoft's request, the Trademark Trials and Appeals Board issued an order suspending the opposition proceeding pending the outcome of this action.

Meanwhile, in September 2010, Amazon began soliciting software developers to participate in a future mobile software download service to be offered by Amazon. Apple became aware of this action in early January 2011, when Amazon launched the developer portal, in connection with the "Amazon Appstore Developer Program." On three occasions, in January, February, and March 2011, Apple communicated with Amazon and demanded that Amazon cease its use of the APP STORE mark. On March 22, 2011, Amazon launched the Amazon Appstore for Android.

Apple filed this action on March 18, 2011, and filed a second amended complaint ("SAC") on November 16, 2011. In the SAC, Apple asserts (1) trademark infringement, false designation or origin, and false description, under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (2) dilution, under § 43 (c) of the Lanham Act, 15 U.S.C. § 1125(c); (3) common law trademark infringement; (4) dilution under California Business & Professions Code § 14247 and common law; (5) false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and (6) unfair competition under California Business & Professions Code § 17200.

Amazon now seeks partial summary judgment, as to the fifth cause of action for false advertising only.

**DISCUSSION**

A.  Legal Standard

A party may move for summary judgment on a "claim or defense" or "part of . . . a claim or defense." Fed. R. Civ. P. 56(a). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Id.

A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and of identifying those portions of the pleadings and discovery

responses that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Material facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

Where the moving party will have the burden of proof at trial, it must demonstrate that no reasonable trier of fact could find other than for the moving party. Soremekun v.Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007). Where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the nonmoving party's case. Celotex, 477 U.S. at 324-25. If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson, 477 U.S. at 250; see also Fed. R. Civ. P. 56(c), (e).

When deciding a summary judgment motion, a court must view the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in its favor. Anderson, 477 U.S. at 255; Hunt v. City of Los Angeles, 638 F.3d 703, 709 (9th Cir., 2011).

B.  Defendant's Motion

Amazon seeks summary judgment as to the fifth cause of action for false advertising under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1). A false advertising claim under § 43(a) has five elements:

> (1) a false statement of fact by the defendant in a commercial advertisement about its own or another's product;
>
> (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience;
>
> (3) the deception is material, in that it is likely to influence the purchasing decision;
>
> (4) the defendant caused the false statement to enter interstate commerce; and
>
> (5) the plaintiff has been or is likely to be injured as a result of the false

statement, either by direct diversion of sales from itself to defendant or by a lessening of the goodwill associated with its products.

Skydive Arizona, Inc. v. Quattrocchi, 673 F.3d 1105, 1110 (9th Cir. 2012) (citing 15 U.S.C. § 1125(a)(1)(B)); Southland Sod Farms v. Stover Seed Co., 108 F.3d 1134, 1139 (9th Cir. 1997)); see also Newcal Industries, Inc. v. Ikon Office Solution, 513 F.3d 1038, 1052 (9th Cir. 2008).

In the SAC, Apple alleges that Amazon's use of APP STORE "constitutes a false advertisement that misrepresents the nature, characteristics and qualities of Amazon's mobile download service and/or deceives or has a tendency to deceive a substantial segment of consumers into believing that Amazon's service has the nature, characteristics, and/or qualities of Apple's APP STORE service." SAC ¶ 51. Apple asserts that "[t]his deception is likely to influence consumers' purchasing decisions about Amazon's services and products, thereby diverting revenues from Apple to Amazon[,]" and that "Amazon's use is also likely to lessen the goodwill associated with Apple's APP STORE service and Apple's products designed to utilize Apple's APP STORE service by associating Apple's APP STORE service with the inferior qualities of Amazon's service." Id.

For purposes of this motion, the only dispute is with regard to the first element of the false advertising claim – that is, whether Amazon made a false statement of fact in a commercial advertisement about its own or another's product. Amazon argues that summary judgment should be granted as to this claim because Apple has not identified a single false statement that Amazon has made about the nature, characteristics, or quality of the Amazon Appstore for Android (or the Amazon Appstore, which allows viewing and downloading of apps for the Kindle Fire).

Apple essentially alleges that by using the word "Appstore" in the name of Amazon's store, Amazon implies that its store is affiliated with or sponsored by Apple. Amazon argues that this allegation is nothing more than a garden-variety trademark infringement claim (false designation of origin). Amazon asserts that summary judgment should be granted as to the false advertising claim because it is based on the same conduct and

4

theory that forms the basis of the false designation of origin claim.

In opposition, Apple concedes that it has no evidence that Amazon made any affirmative false statement about the nature, characteristics, or quality of the Amazon Appstore for Android or the Amazon Appstore. However, Apple asserts that the Lanham Act does not require an explicit statement of fact. Instead, Apple contends, an actionable false statement may be "implied," because the Lanham Act's false advertising prong "embraces innuendo, indirect intimations, and ambiguous suggestions evidenced by the consuming public's misapprehension of the hard facts underlying an advertisement." See William H. Morris Co. v. Group W, Inc., 66 F.3d 255, 257-58 (9th Cir. 1995).

Apple relies on TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 828 (9th Cir. 2011), where the court found a false advertising claim to be valid based on implicit statements that the defendants' website was endorsed by the California Department of Motor Vehicles ("DMV"). The website at issue was DMV.org, which purported to provide assistance with registering vehicles, renewing drivers licenses, buying car insurance, viewing traffic records, and getting traffic tickets dismissed, and which also made money by referring site visitors to traffic school vendors. The plaintiffs were on-line traffic schools that marketed and sold directly to consumers, and which also competed with DMV.org for referral revenue. The plaintiffs asserted that the defendants had violated federal and state unfair competition and false advertising laws by actively fostering the belief that DMV.org was an official state DMV website or was affiliated with a state DMV.

After a bench trial, the court found in favor of the plaintiffs on the Lanham Act claim, and the Ninth Circuit affirmed. The court found that the actual name of the website, as well as other websites owned by defendants, such as ca.dmv.org, and california.dmv.org, all suggested that the sites were actual DMV sites. In addition, the site design mimicked an actual DMV site by copying slogans and state symbols, and by offering DMV-type services in that context. Id. at 827-29.

In this case, however, Apple has presented no evidence of any Amazon website or advertisement that attempts to mimic Apple's site or advertising. Moreover, the plaintiffs in

1 TrafficSchool. com also introduced evidence of customer confusion (including internet
2 surveys, emails by law enforcement officials and state DMV employees who had been
3 confused, and evidence of two cities that had mistakenly linked their websites to DMV.org
4 instead of to a real DMV), see id., whereas Apple has provided no such evidence here.

5       Apple also relies the following authority.  First, Apple quotes a paragraph from
6 McCarthy on Trademarks, stating that a company that introduces a new product that does
7 not establish trademark rights may have a false advertising claim against a junior user who
8 uses a generic term to falsely imply that it is selling the same generic product or service
9 identified by that term as does the established company.  See 2 McCarthy on Trademarks
10 and Unfair Competition § 12:26 (4th ed. 2012).[1]

11       Second, Apple cites a 1983 case from the Southern District of New York – Eastern
12 Air Lines, Inc. v. New York Air Lines, Inc., 559 F.Supp. 1270 (1983).  There, plaintiff
13 Eastern Air Lines had for 20 years offered a "shuttle" air service ("Air-Shuttle") between
14 New York and Washington D.C., and defendant New York Air Lines started up a new air
15 service on the same route, which it also referred to as a "shuttle" (or "Air-Shuttle"),
16 suggesting in its ads that it offered the same features (guaranteed seating, no need for
17 reservations, and frequent service) as Eastern Air Lines' "shuttle" service.  The ads run by
18 New York Air Lines in this "comparative advertising campaign" referred to both services as
19 "shuttles" and purported to compare the two side-by-side with the express purpose of
20 "woo[ing] business away from" the Eastern Air Lines shuttle.  See id. at 1273.

21       The court found that the ads "readily implied" that the amenities associated with the
22 Eastern Air Lines shuttle were exceeded by the features found on the New York Air Lines
23 shuttle, and that the purpose of the ads was to persuade Eastern Air Lines' customers to
24 try the New York Air Lines service.  Id.  The court found further that Eastern Air Lines had

---

[1] This section addresses ways to avoid having a trademark evolve into a generic name (citing as examples, "cellophane," "aspirin," and "escalator").  McCarthy recommends that in addition to the trademarked name, the company link that name to a generic descriptor (word or phrase), to better enable protection of the trademark.  Thus, the product can be referred to by the trademark + generic (i.e., "Kleenex tissues," or "Xerox photocopy machine").

6

no trademark rights in the term "shuttle" because it was generic, but sustained the false advertising claim on the basis that as used by Eastern, the term "shuttle" had come to denote certain characteristics, and a competitor could not use the term to mislead customers into believing that it provided the same type of service that the public had come to expect from Eastern Airlines' "shuttle." However, the finding was that New York Air Lines' ads were misleading, because they purported to compare the two shuttle services and indicated that the features and amenities were comparable. Id. at 1278-80.

Third, Apple cites a 1971 case from the District of Nebraska – Potato Chip Inst. v. General Mills, Inc., 333 F.Supp. 173 (D. Neb. 1971). In that case, the Potato Chip Institute and a potato chip manufacturer sued General Mills for selling a product called "potato chips" that contained rice flour and dehydrated potatoes. The court concluded that while "potato chip" could include both chips made of raw potatoes and chips made of dehydrated potatoes, the term is, in the experience of consumers, so associated with slices of raw potatoes cooked in oil until crisp that using it to describe chips made from dehydrated potatoes would tend to mislead the public and therefore constitute false advertising. Id. at 180-81

The court's conclusion was based on evidence of customer surveys and dictionary definitions. The court also noted that until 1969, the FDA had accepted this as the definition of "potato chip," but subsequently decided that a product made with dehydrated potatoes could be labeled "potato chips" if the package also bore a prominent declaration of the dehydrated potato ingredient(s). Id. at 180. The court found that the packaging of General Mills' product was not misleading, because it included the required description ("fashioned from dried potato granules"), although it also found that some of the TV ads used by General Mills were misleading because they referred to the product as "potato chips" but did not indicate that they were made from dehydrated potatoes. Id. at 181.

Apple argues that its fifth cause of action for false advertising is "identical to the claims supported by McCarthy, Eastern Air Lines, and Potato Chip Institute," because Amazon's service ("Appstore") does not possess the characteristics and qualities that the

public has come to expect from the name APP STORE, based on their familiarity with Apple's service. For this reason, Apple argues, Amazon's use of "Appstore" misleads the public – in particular because (according to Apple) it "implies a false equivalence without cuing consumers to test this claim." Apple contends that because its APP STORE offers so many more apps than Amazon's Appstore, consumers will be misled into thinking that Amazon's Appstore will offer just as many.

The court finds that the motion must be GRANTED. The authority cited by Apple is not noticeably relevant to the question whether it has provided evidence in this case sufficient to support the first element of the false advertising claim, and the court finds no support for the proposition that Amazon has expressly or impliedly communicated that its Appstore for Android possesses the characteristics and qualities that the public has come to expect from the Apple APP STORE and/or Apple products.

That is, Apple has failed to establish that Amazon made any false statement (express or implied) of fact that actually deceived or had the tendency to deceive a substantial segment of its audience. The mere use of "Appstore" by Amazon to designate a site for viewing and downloading/purchasing apps cannot be construed as a representation that the nature, characteristics, or quality of the Amazon Appstore is the same as that of the Apple APP STORE. Apple has pointed to no advertisement by Amazon that qualifies as a false statement under § 43(a) of the Lanham Act. Nor is there sufficient evidence to raise a triable issue.

While it is true that the Lanham Act does not require an "explicit statement of fact," Amazon has not taken the position that an explicit statement of fact is required, just that there be a false statement, which can be express or implied. However, if an advertisement is not false on its face (i.e., if there is no express or explicit false statement), the plaintiff must produce evidence, usually in the form of market research or consumer surveys, showing exactly what message was conveyed that was sufficient to constitute false advertising. See Walker & Zanger, Inc. v. Paragon Indus., Inc., 549 F.Supp. 2d 1168, 1182 (N.D. Cal. 2007). Here, Apple has presented no evidence that consumers or customers

understand "app store" to include specific qualities or characteristics or attributes of the Apple APP STORE, or that any customers were misled by Amazon's use of the term.

Apple asserts that its APP STORE offers many more apps than Amazon's does, and that the apps are "seamlessly integrated" with all Apple devices. However, there is no evidence that a consumer who accesses the Amazon Appstore would expect that it would be identical to the Apple APP STORE, particularly given that the Apple APP STORE sells apps solely for Apple devices, while the Amazon Appstore sells apps solely for Android and Kindle devices. Further, the integration of Apple devices has more to do with Apple's technology than it does with the nature, characteristics, or qualities of the APP STORE.

Apple fails to make clear how the use of the mark constitutes a "statement" that implies something false about the nature, characteristics, or qualities of Apple's APP STORE, because it has made no showing that such (implied) statement deceived or had a tendency to deceive users of Amazon's Appstore.

## CONCLUSION

Because Apple is the non-moving party but will bear the burden of proof at trial on the false advertising claim, Amazon can prevail merely by pointing out to the court that there is an absence of evidence to support Apple's case. Celotex, 477 U.S. at 324-25. Accordingly, Amazon's motion for summary judgment as to the fifth cause of action for false advertising is GRANTED.

**IT IS SO ORDERED.**

Dated: January 2, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge